The Court
summed up, and observed that two questions had been' made on the trial: first, whether the plaintiffs first discovered the bees; and, secondly, supposing they did, whether the property of the honey was in them.
The first is a question of evidence proper for the consideration of the jury.
The second is a question of law, and one about which the Court entertain no doubt. The plaintiffs do not pretend to have any property in the land or in the tree, nor had they any property in the bees. How then came they by a property in the honey ? It must have been by occupancy. But how did they occupy, or appropriate the honey to themselves ? They saw the bees enter the tree, they heard them make a noise near the tree, and they marked the tree. The two first gave *61 no light; they do not amount to occupancy. The marking of the tree was a trespass, and consequently can avail the plaintiffs nothing, (a) The doctrine contended for by plaintiffs is injurious to the rights of property. Till the bees occupied the tree in question, it is not pretended that plaintiffs had any right in it. What gave them a right ? Having seen a swarm of bees, in which they-had no property, occupying it? This circumstance, whether the effect of accident, or the result of labor and skill, cannot lessen the rights of the owner of the soil. Will it be pretended that plaintiffs thereby acquired a right to the tree? If they acquired a title to the honey, they must necessarily have a right to take it away, to cut down the tree, to pass over the defendant’s land for the purpose, &c. Admitting that plaintiffs could acquire property in a swarm .of bees, or in the honey, by finding, in some cases, they could not do so in the present case, because such right or property interferes with the rights and property clearly vested in defendant; it is inconsistent with it; it lessens its value at least. It is much more consonant to our ideas of property to say, that the bees and honey in the defendant’s trees belong to him in the same manner and for the same reason as all mines and minerals belong to the owner of the soil. (b)
*62 Will it be pretended by the plaintiffs that they could have put, without defendant’s permission, a swarm of bees into the defendant’s tree, and there kept them till they had made honey; and then, in case he cut down the tree, maintained trespass for the cutting, or trover for the honey ? One would suppose that the present case was not stronger than that; here they had no right to the bees.
It has been said, that, by the usage in this part of the State, the person who finds bees acquires a property in them wherever found. We recognize no such usage. We have no local customs or usages which are binding in one part of the State and not in another. If this be the law here, it must be so in every other part of the State.

Verdict for defendant.

[1]

 Pierson v. Post, 3 Caines, 175.

 2 Blackst. 390 — 391. Bees are ferae natura, except when hived or reclaimed; when a swarm lights on my tree they are not mine. But it would seem that, if they hive themselves in my tree, they are then mine, ratione soli. And, if they are found on my ground, I have a qualified property in them; to the young, rationeimpotentice; and to the labor of the bees, or honey, because they are on my land and use my hive. I have, on these accounts, to say the least of it, a better title than any other person. See Shep. Touch. 223 (226) [5 Mod. 375, cited in Manuscript Digest].
It would seem, by c. 13 of Gharta Foresta, that honey belongs to the owner of the ground.
1 Beeves, Hist. JBng. Law, 255; Blackst. Tracts, 83.
2 Senator, 382, 498; Tho. Livingston, appellant, v. Earl of Breadalbane, defendant. Appeal from the Court of Session in Scotland, to determine the point whether a gentleman, qualified by law to shoot, is entitled to kill game on the unenclosed lands of another without his permission. The House of Lords, as well as the Court of Session, determined against the right.

 Sustained by Gillet v. Mason, 1810, 7 Johns. 16; see also Curia, in Ferguson v. Miller, 1823, 1 Cow. 243, 244; The Court, in Merrils v. Goodwin, 1790, 1 Root, 209; Toomer, J., in Idol v. Jones, 1829, 2 Dev. L. 162-164.
As to the right of the owner of bees, which, after having been reclaimed, take up their abode in a tree on the soil of another, see Goff v. Kilts, 1836, 15 Wend. 550.
As to the conflicting claims of third persons who have each obtained the consent of the land-owner to the taking of honey from a tree, see Adams v. Burton, 1870, 43 Vt. 36.
In Wallis v. Mease, 1811, 3 Binn. 546, 'the point decided was, that taking bees from a tree on the land of another is not a felony. As to the right of property, of the owner of the soil, in the bees, Tilghman, C. J., and Brackenridge, J., do not seem agreed.
The general subject of the property of the owner of the soil in wild animals was much discussed in Blades v. Higgs, 1865, 11 H. L. 621 (106 Eng. Com. Law, 866), where it was held “ that game killed upon the land of another by a trespasser, and carried off by him, belongs to the owner of the land.”